# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RESENDIZ,<br><br>    Petitioner,<br><br>v.<br><br>DOMINGO URIBE, JR.,<br><br>    Respondent. | NO. EDCV 11-677-VAP (MAN)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; AND DENYING A CERTIFICATE OF APPEALABILITY |

On April 28, 2011, Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition is the second Section 2254 habeas petition Petitioner has filed in this district stemming from his 1995 Los Angeles Superior Court conviction for reporting a false bomb threat (the "Conviction").

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be summarily

dismissed, pursuant to 28 U.S.C. § 2244(b) and Rule 4, because it is second or successive.

**BACKGROUND**

On October 20, 2008, Petitioner filed a habeas petition in this district that, after intra-division transfer, eventually was assigned Case No. EDCV 00-521-VAP (MAN) (the "First Action"). The First Action petition challenged the Conviction through two claims for federal habeas relief asserting that: a *Miranda* violation took place during Petitioner's interview by the police; and the trial court abused its discretion by failing to "sanitize" evidence related to Petitioner's prior convictions. The First Action was resolved on the merits, and habeas relief was denied by Judgment entered on April 30, 2001. Petitioner appealed that Judgment to the United States Court of Appeals for the Ninth Circuit, and a certificate of appealability was denied in March 2002 (Case No. 01-56609).[1]

The instant Petition raises four claims. As Ground One, Petitioner re-alleges the *Miranda* violation claim resolved adversely to him in the First Action. By Ground Two, Petitioner complains that the police failed to conduct a search during the hours that intervened between the bomb threat and Petitioner's arrest. Grounds Three and Four relate to the failure to present evidence at trial of either the 911 recording of the bomb threat or testimony by the 911 supervisor regarding the alleged

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the files for Petitioner's First Action filed in this district, as well as the dockets for the Ninth Circuit available electronically through the PACER system.

failure of the recording device. (Petition at 5-6.)

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. See, e.g., 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed infra, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition (described infra), state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

In the First Action, Petitioner sought Section 2254 relief based on the same Conviction challenged here, and his habeas claims were resolved adversely to him on their merits. Accordingly, the current Petition is

3

second or successive within the meaning of Section 2244(b).

Critically, Petitioner has not obtained permission from the Ninth Circuit to bring this second or successive Petition, as required by Section 2244(b)(3).[2] Permission to file a second or successive petition may be granted only if Petitioner makes a *prima facie* showing that: (1) the claim relies on a new, and previously unavailable, rule of constitutional law, which the Supreme Court has ordered be made retroactive to collateral proceedings; or (2) the factual predicate of the claim could not have been discovered earlier through the exercise of due diligence, <u>and</u> the facts alleged, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error claimed, no reasonable fact-finder would have found Petitioner guilty. See 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); McNabb, 576 F.3d at 1030. To pursue a Section 2254 habeas action attacking his Conviction, Petitioner must persuade the Ninth Circuit that at least one of these predicates exists for any claim he now wishes to raise. Based on the nature of the claims alleged in the instant Petition, it is difficult to see how Petitioner will be able to satisfy Section 2244(b)'s requirements. He plainly cannot do so as to Ground One, which already has been presented and resolved against him, and Grounds Two through Four rest on matters known or knowable to him at the time of his 1995 trial and do not implicate any new rule of constitutional law.[3]

---

[2] The Ninth Circuit's dockets show that Petitioner has not filed any Section 2244(b) application in the Ninth Circuit in connection with the instant Petition.

[3] In addition, Petitioner's claims are substantially untimely, and it is unclear that, with the exception of Ground One, they have been exhausted.

4

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant Petition must be dismissed, because this Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); see also Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: May 3 2011

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

5